IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  COLOPLAST CORP.
        PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION                MDL No. 2387

---

THIS DOCUMENT RELATES TO:

*Deborah Wright v. Coloplast Corp.*                  Civil Action No. 2:16-cv-01562

## ORDER

Pending before the court is Coloplast Corp.'s Motion to Compel and in the Alternative to Dismiss [ECF No. 16]. The plaintiff has responded [ECF No. 17], and this matter is now ripe for my review. For the reasons stated below, the Motion is **GRANTED in part** and **DENIED in part**.

### I.  Background

The defendant Coloplast Corp. ("Coloplast") seeks a variety of relief because plaintiff failed to timely provide a completed Plaintiff Fact Sheet ("PFS"). Specifically, Coloplast asks that (1) plaintiff be ordered to provide the PFS within three days and that plaintiff's case be dismissed with prejudice if plaintiff fails to comply; (2) in the alternative, that the plaintiff's case be dismissed with prejudice; (3) that the plaintiff be required to pay monetary sanctions, or (4) that the court grant other appropriate relief to discourage noncompliance with court deadlines.

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat

pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are nearly 58,000 cases currently pending, approximately 500 of which are still active in the Coloplast MDL, MDL 2387. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. For example, in certain cases in this MDL, the plaintiff must submit a completed Plaintiff Fact Sheet ("PFS") [ECF No. 4]. Any plaintiff who fails to comply with the PFS obligations may be subject to sanctions. *See* Pretrial Order ("PTO") # 12 at ¶ 2(d) and PTO # 105 at ¶ 3.

As a part of this MDL, I chose 240 cases naming Coloplast only for inclusion in Coloplast Wave 1, a group of cases to be prepared for trial and, if necessary, remanded back to the appropriate court. The instant case is governed by discovery deadlines for Coloplast Wave 1 set forth in PTO # 103. [ECF No. 4]. Pursuant to PTO # 103, the plaintiffs were to complete and serve a PFS on Coloplast by August 19, 2016. *Id.* at 2. Although all other deadlines for Coloplast Wave 1 ultimately were stayed pursuant to PTO # 109, the August 19 PFS due date remained in place. [ECF No. 7].

According to Coloplast, the plaintiff, Ms. Deborah Wright, failed to submit a PFS within the court-ordered timeframe for service pursuant to PTO # 103. The parties agreed to extend the deadline to serve the PFS, making the plaintiff's PFS due on or before October 7, 2016. The plaintiff failed to meet the deadline and moved the court to extend time until October 27, 2016 to serve the PFS. *See* Pl.'s Mot. To Extend Time Limit for Service of PFS [ECF No. 10]. The court denied this motion on

October 3, 2016. [ECF No. 12]. Defendant Coloplast filed the motion at issue on October 12, 2016. On October 25, 2016, plaintiff served the completed PFS on Coloplast.

## II. Legal Standard

Rule 37(b)(2) of the Federal Rules of Civil Procedure allows a court to sanction a party for failing to comply with discovery orders. This authority has particular significance in the MDL context. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in a smooth and efficient manner, I must define and then strictly adhere to rules for discovery. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1232. A "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in

better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively."). [1]

## III.  Discussion

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The plaintiff has not provided substantial justification for her failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Coloplast. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs.

Accordingly, Coloplast's Motion to Compel is **GRANTED** to the extent that it seeks the payment of reasonable expenses. I find that $1000 is a minimally representative valuation of Coloplast's expenses. This number accounts for the time and money Coloplast spent identifying the plaintiff as one of the non-compliant

---

[1] Some plaintiffs contend that the court must apply the *Wilson* factors before ordering monetary sanctions, which is inaccurate. The Fourth Circuit Court of Appeals has directed courts to consider the *Wilson* factors in the case of "extreme sanction[s]," such as dismissal or judgment by default, where the "district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977) *cert. denied*, 434 U.S. 1020 (1978)). The minor sanction ultimately ordered in this case, partial compensation of the expenses caused by the plaintiff's discovery violation, does not raise these concerns. Therefore, I do not find it necessary to review the *Wilson* factors.

plaintiffs; assessing the effect of her discovery violations; drafting a motion for sanctions; and serving the motion. All knowledgeable MDL counsel would consider these efforts, which would have been avoided had the plaintiff followed the court's order, to be worth $1000, at the least.

To the extent Coloplast seeks dismissal of the plaintiff's case, its motion is **DENIED**, and with regards to the production of the PFS, which Coloplast has now received, the motion to compel is **DENIED as moot.**

IV. Conclusion

For the reasons stated above, Coloplast's Motion to Compel [ECF No. 16] is **GRANTED in part** and **DENIED in part**. It is **ORDERED** that the plaintiff has **until December 19, 2016** to pay Coloplast **$1000** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[2] In the event that the plaintiff does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 29, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] The court directs Coloplast to communicate with plaintiffs' leadership regarding payment instructions.